# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| CAROLYN S. SAPP | § | |
| | § | |
| V. | § | NO. 1:07-CV-650 |
| | § | |
| JOHN POTTER | § | |
| *Post Master General* | § | |

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court referred this matter to the Honorable Earl S. Hines, United State magistrate judge, for pretrial proceedings pursuant to General Order 05-07. The court has received and considered the report of the United State magistrate judge, who recommends that the court (a) dismiss *sua sponte* for failure to state a claim upon which relief can be granted plaintiff's cause of action asserted under 42 U.S.C. § 1981; and (b) dismiss certain claims asserted under Title VII and the Rehabilitation Act because available administrative remedies were not exhausted prior to instituting suit.

Plaintiff filed timely, albeit largely unintelligible, objections which complain of the magistrate judge's failure to conduct a *McDonnell-Douglas* burden-shifting analysis, his recommendation for *sua sponte* dismissal of the Section 1981 claim, and his failure to consider relevant facts. This requires a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C).

Having considered the magistrate judge's report and conducted a *de novo* review of plaintiff's objections, the court finds that plaintiff's objections lack merit. The *McDonnell-Douglas* burden-shifting analytical model is inapplicable to motions based solely on procedural grounds (exhaustion

of administrative remedies). The magistrate judge correctly determined that Title VII provides the *exclusive* remedy for race-based and other unlawful employment discrimination claims by *federal* employees. Therefore, this is an instance wherein *sua sponte* dismissal of a Section 1981 claim based on such discrimination is appropriate because it is clear that plaintiff can plead no set of facts to overcome the sovereign immunity bar to Section 1981 actions against federal agency heads based on alleged discrimination in federal employment. Finally, plaintiff's objections fail to identify any specific relevant fact that the magistrate judge failed to take into account. Accordingly, plaintiff's objections are **OVERRULED**, and the report of the magistrate judge is **ADOPTED**. It is further

**ORDERED:**

1. Plaintiff's action asserted under 42 U.S.C. § 1981 is **DISMISSED** *sua sponte* for failure to state a claim upon which relief can be granted.

2. Defendant's partial motion to dismiss (Docket No. 35), is **GRANTED**, and plaintiff's claims asserted under Title VII and the Rehabilitation Act for which available administrative remedies were not exhausted prior to suit are **DISMISSED**.[1]

---

[1] The unexhausted claims dismissed above were first presented to administrative agencies <u>after</u> this action was instituted, and are as follows:

1. Claims asserted in the Equal Employment Opportunity complaint submitted on October 1, 2007, docketed as Agency No. 1G-774-0005-07, containing allegations of unlawful discrimination and retaliation based on (a) USPS's June 11, 2007, Notice of Proposed Removal, (b) its September 5, 2007, notice that Ms. Sapp would be terminated pursuant to a RIF, and (c) its September 6, 2007, Letter of Decision terminating Ms. Sapp for cause.

2. Claims asserted in the appeal to the Merit System Protection Board on October 10, 2007, docketed as No. DA-0752-08-0030-I-1, complaining of race, sex, disability and retaliation discrimination with respect to the USPS Letter of Decision dated September 6, 2007.

3. Claims asserted in the appeal to the Merit System Protection Board on December 5, 2007, docketed as No. DA-0752-08-0116-I-1, complaining again of USPS's Notice of Proposed Separation (June 11, 2007) and Letter of Decision (September 6, 2007).

4. Claims asserted in the Equal Employment Opportunity complaint submitted on March 27, 2008, docketed as Agency No. 1G-774-0001-08, containing allegations repetitive of allegations raised and decided in previous administrative proceedings.

The only claims that now remain for decision in this action are those alleged in Ms. Sapp's complaints initially filed with the National Equal Employment Opportunity Investigative Services Office, docketed under Agency Nos. 1-G-774-0001-02, 1-G-774-0001-03, and 1G-774-0002-06 which pertain exclusively to alleged discrimination and retaliation (a) in the workplace prior to December 18, 2001, and (b) Ms. Sapp's unsuccessful efforts to return to work in March and April, 2006.

So **ORDERED** and **SIGNED** this **25** day of **March, 2010.**

_____
Ron Clark, United States District Judge