# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| CAROLYN S. SAPP | § § | |
| v. | § § | NO. 1:07-CV-650 |
| JOHN POTTER, *Postmaster General, United States, Postal Service* | § § § § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court referred this *pro se* employment discrimination case to the Honorable Earl S. Hines, United States Magistrate Judge, for all pretrial matters pursuant to General Order 05-07. After an unsuccessful interlocutory appeal to the United States Court of Appeals for the Fifth Circuit by the Plaintiff, Carolyn S. Sapp ("Sapp"), Sapp v. Potter, 413 F. App'x 750 (5th Cir. 2011), this case was reinstated to the Court's active docket on August 10, 2011, by United States Magistrate Judge Zack Hawthorn. (Doc. No. 89.) On July 26, 2012, after a second unsuccessful interlocutory appeal to the Fifth Circuit, the United States magistrate judge filed his report (Doc. No. 182) recommending that the Court deny Sapp's motion for summary judgment and amended motion for summary judgment (Doc. Nos. 64, 132), but grant the Defendant, United States Postmaster General John Potter's (referred to as "USPS") motion for summary judgment (Doc. No. 129) and dismiss Sapp's claims. Sapp filed objections (Doc. No. 185) to the report and recommendation.

The Court has conducted a de novo review of the objections to the magistrate judge's report and recommendation based on the relevant pleadings, motions, exhibits, and orders. See Fed. R. Civ. P. 72(b)(3). After careful consideration, the Court concludes that the magistrate

judge correctly determined that Sapp's claims should be dismissed. Accordingly, Sapp's objections are without merit.

## I. Discussion

The magistrate judge liberally construed Sapp's pleadings and perceived the following allegations:

> (1) Discrimination (Disparate Treatment) under the Rehabilitation Act;
> (2) Failure to Accommodate under the Rehabilitation Act;
> (3) Discrimination under Title VII;
> (4) Retaliation under the Rehabilitation Act and Title VII; and
> (5) Hostile Work Environment under the Rehabilitation Act and Title VII.

(Doc. No. 182.) In its motion for summary judgment, the USPS argues there is no evidence to support these claims. The magistrate judge agreed with USPS in his report and recommendation. (Id. at 8–22.)

On August 27, 2012, Sapp filed a timely "Objection" (Doc. No. 185) to the magistrate judge's report and recommendation. The objections span more than seventy-five pages—almost twenty pages longer than the amended motion for summary judgment itself. The objections are largely disjointed, repetitive, and difficult to decipher. Yet, given Sapp's *pro se* status, the Court has used its best efforts to construe the following five objections to the magistrate judge's report and recommendation: (1) the magistrate judge failed to rule separately on the parties' cross-motions for summary judgment and significant evidence was omitted from the record that would have impacted the magistrate judge's ability to provide an accurate and unbiased analysis; (2) the magistrate judge declined to consider the "facts" or "claims" in Sapp's motion for summary judgment as "undisputed" since the USPS failed to properly address them in a timely response; (3) the magistrate judge "failed to clarify the issues for EEO Claim No. 1 and 2"; (4) the magistrate judge did not review all of the "relevant matters of record in this case" and

"improperly weighed evidence" in favor of the USPS when providing his analysis in the determination as to whether Sapp met her summary judgment burdens regarding her claim for disability discrimination under the Rehabilitation Act; and (5) the magistrate judge did not "review all relevant matters of record" and "improperly weighed the evidence" in favor of the USPS while failing to attribute any weight to Sapp's contention that the evidence creates a genuine dispute as to her retaliation and discrimination claims under Title VII.

Because objections to the report and recommendation were filed, this Court is required to undertake a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C) (2006). Having considered the magistrate judge's report and conducting a *de novo* review of Sapp's objections, the court finds that Sapp's objections lack merit.

*1. Simultaneous Ruling on Motions; Omission of Evidence*

Although not entirely clear, Sapp's first objection seems to argue the magistrate judge failed to properly consider her motion for summary judgment since he addressed the parties' cross-motions for summary judgment in the same report and recommendation. Courts regularly rule on cross-motions for summary judgment in the same order. See, e.g., United States ex rel. Kennard v. Comstock Res. Inc., No. 9:98-CV-266, 2010 WL 2813529 (E.D. Tex. July 16, 2010) (Heartfield, J.); Leath v. Tracer Const. Co., No. 1:08-CV-358, 2009 WL 8188138 (E.D. Tex. Aug. 18, 2009) (Crone, J.); Jordon v. Texas Dept. of Aging and Disabilities Servs., No. 9:05-CV-161, 2006 WL 1804619 (E.D. Tex. June 28, 2006) (Clark, J.); Kennedy v. E.I. Dupont De Nemours and Co., No. 1:01-CV-904, 2005 WL 6059238 (E.D. Tex. Mar. 3, 2005) (Giblin, J.); Wingate v. Air Products, Inc., No. 1:04-CV-1242004, 2004 WL 5571001 (E.D. Tex. Dec. 20, 2004) (Clark, J.); Motorola, Inc. v. Analog Devices, Inc., No. 1:03-CV-131, 2004 WL 5633740

(E.D. Tex. Aug. 10, 2004) (Clark, J.).  Cross-motions for summary judgment need not be considered in a vacuum, and the district court ordinarily should consider two motions at the same time when they are filed simultaneously.  Puerto Rico Am. Ins. Co. v. Rivera-Vazquez, 603 F.3d 125, 133 (1st Cir. 2010).  As both motions for summary judgment concern the same distinct issues regarding Sapp's employment discrimination claims against the USPS, it makes little sense to consider and issue findings of fact and recommendations on each party's motion for summary judgment separately.

To the extent Sapp argues the magistrate judge did not separately consider her Amended Motion for Summary Judgment, this too is unavailing.  In his report and recommendation, the magistrate judge specifically referenced Sapp's Amended Motion for Summary Judgment that was pending for a decision (Doc. No. 182, at 1), construed it as an attempt to show there were no genuine disputes as to Sapp's claims (id. at 14), and separately recommended denying her Amended Motion for Summary Judgment (id. at 56).  The report and recommendation is riddled with citations to Sapp's summary judgment evidence and arguments.[1]

Sapp's first objection also complains that significant evidence was omitted from the record that would have impacted the magistrate judge's ability to provide an accurate and unbiased analysis.  According to the docket entries in this case, Sapp *has filed approximately 560 attachments and exhibits* to her "Motion for Claims" (Doc. No. 37), "Motion for Summary Judgment" (Doc. No. 64), and "Amended Motion for Summary Judgment" (Doc. No. 132).  The magistrate judge only denied as premature Sapp's "Motion to Admit Evidence [pursuant to the Federal Rules of Evidence] for Summary Judgment and/or Jury Trial" because the opposing party had not yet objected to the magistrate judge's consideration of such evidence.  (Doc. No.

---

[1] See, e.g., Report and Recommendation, Docket No. 182, at 9–12, 15, 27–29, 31, 34–37, 41, 42.

137.) In any event, the magistrate judge specifically granted Sapp's "Motion to Admit Evidence to Support Summary Judgment," acknowledging that the court would consider Sapp's exhibits when resolving the pending summary judgment motions (Doc. Nos. 142, 166), and also, in a separate order, granted Sapp the opportunity to file exhibits, without leave of court, as timely attachments to her summary judgment motion as long as they were not duplicative filings. (Doc. No. 137.) The Court finds that the magistrate judge analyzed the summary judgment evidence located in the record. The Local Rules do not require the court to quarry the record before entering summary judgment in an effort to unearth a hidden, genuine dispute of material fact. See E.D. Tex. Loc. R. CV-56(d). This objection is without merit.

2. *Federal Rule of Civil Procedure 56(c)*

Next, Sapp's second objection asserts the magistrate judge failed to consider the "facts" or "claims" in her motion for summary judgment as "undisputed" since Potter failed to properly address them in a timely response "as required by Fed. R. Civ. P. 56(c)." (Doc. No. 185, at 11–12.) As a preliminary matter, Rule 56(c) describes the procedures involved in supporting or objecting to factual positions in motions for summary judgment. It does not hold that those facts are deemed "undisputed" if the non-movant fails to respond. In any event, the USPS did in fact file a response to Sapp's amended motion for summary judgment stating that it was relying on the argument and authorities set forth in its own motion for summary judgment. (Doc. No. 139.)

Federal Rule of Civil Procedure 56(e) states that if a party fails to properly address another party's assertion of fact, the court *may* consider the fact undisputed for purposes of the motion. The magistrate judge did not err in failing to consider Sapp's assertions of fact undisputed. While technically not a direct response to her motion for summary judgment, the Government filed their own seventy-page motion for summary judgment, including over sixty

attachments and exhibits that extensively address and dispute Sapp's assertions, and incorporated that motion as a response to Sapp's motion for summary judgment. (Doc. Nos. 129, 139.) Nevertheless, if a party moving for summary judgment fails to meet their initial burden of demonstrating the absence of a genuine issue of material fact, the motion still must be denied, regardless of the non-movant's response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Therefore, Sapp's second objection is overruled.

*3. Clarity of Issues Regarding EEO #1 and EEO #2 Complaints*

Sapp's third objection is that the magistrate judge "failed to clarify the issues for EEO Claim No. 1 and 2." (Doc. No. 185, at 12–21). Unfortunately, this objection is almost entirely unclear, but it appears as if Sapp is objecting to the magistrate judge's scope of review of her various EEO and Merit System Protection Board Appeals as it pertains to her lawsuit. While this case was pending before United States Magistrate Judge Earl Hines, he recommended the dismissal of all but the consolidated EEO #1 and EEO #2 complaints. (Doc. No. 55.) This Court adopted Judge Hines's recommendation and entered a Partial Final Judgment that was later affirmed by the Fifth Circuit. (Doc. Nos. 62, 82); Sapp v. Potter, 413 F. App'x 750 (5th Cir. 2011). Thus, Judge Hawthorn's report and recommendation correctly focused on the EEO #1 and EEO #2 complaints and generously considered any other claims that could reasonably be expected to flow from those complaints. (Doc. No. 182, at 15.) This Court's independent review finds that Judge Hawthorn correctly delineated Sapp's remaining claims in his report and recommendation. To the extent Sapp argues the magistrate judge erred in finding the statute of limitations should not be equitably tolled for any other claims, the Court finds the magistrate judge's analysis is correct. Therefore, this objection is overruled.

*4. Extent of Review and Weighing of the Evidence*

Sapp's fourth objection is similarly confusing, but the Court construes it as an objection to the magistrate's failure to review all the "relevant matters of record in this case," and "improperly weigh[ing] evidence" in favor of the USPS when analyzing whether Sapp met her summary judgment burdens regarding her claim for disability discrimination under the Rehabilitation Act. (Doc. No. 185, at 21–31.)  The Court finds the magistrate judge did in fact pay significant attention to Sapp's evidence and arguments supporting her motion for summary judgment and opposing the Government's motion.  For instance, the magistrate judge spent considerable effort addressing incidents that occurred before Sapp stopped reporting to work, issues involving the calculation of her leave time, and other additional administrative matters. (Doc. No. 182, at 23–25.)  Even though the magistrate judge found Sapp had failed to establish a *prima facie* case of discrimination, he nevertheless continued the analysis and discussed whether she had satisfied her burden of showing a pretext for Potter's alleged adverse employment actions by specifically focusing on the arguments she raised in her summary judgment motion. (Doc. No. 182, at 28 n.9.)

As part of this objection, Sapp also seems to argue the magistrate judge erred in granting summary judgment on her failure to accommodate claim, also pursuant to the Rehabilitation Act. In his report and recommendation, the magistrate judge found—despite the USPS's argument to the contrary—that Sapp had met her burden of demonstrating a disability and its resulting limitations.  However, the magistrate judge found no evidence showing Sapp timely suggested reasonable accommodations (*i.e.,* when she stopped reporting for work in 2001) or identified specific positions meeting her limitations, or that there were any positions at the USPS within those limitations. (Doc. No. 182, at 34); see also E.E.O.C. v. Agro Distribution, LLC, 555 F.3d

462, 471 (5th Cir. 2009) (holding that the reasonable accommodation analysis is hindered when an employee does not show up for work because any discussion of the accommodations that might have been provided or denied is mere speculation); Loulseged v. Akzo Nobel Inc., 178 F.3d 731, 734 (5th Cir. 1999) ("It is difficult to judge the reasonableness of accommodations when the employee withdraws before we can say with any authority what these accommodations would have been."). In her objection, Sapp has not articulated how this finding is incorrect. Thus, her fourth objection is overruled.

*5. General Objection to the Magistrate Judge's Recommendation*

Sapp's fifth and final objection is somewhat similar to the one above. That is, Sapp vaguely complains the magistrate judge "improperly weighed the evidence" in favor of the USPS, while failing to "review all relevant matters of record" or to attribute any weight to Sapp's contention that the evidence creates a genuine dispute as to her retaliation and discrimination claims under Title VII. (Doc. No. 185, at 31.) In support of this objection, Sapp simply reiterates the same arguments and exhibits that are contained in her motion for summary judgment without directly referencing the report and recommendation itself. Thus, this Court construes this as a general objection to the magistrate judge's finding in favor of the USPS's motion for summary judgment regarding her discrimination claims under Title VII, retaliation claims under the Rehabilitation Act and Title VII, and hostile work environment claims pursuant to Title VII and the Rehabilitation Act.

Initially, parties filing objections to a magistrate's report and recommendation must specifically identify those findings to which the party objects. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); Habets v. Waste Management, Inc., 363 F.3d 378, 381 (5th Cir. 2004). Frivolous, conclusive, or general objections do not need to be considered by a district court.

Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir.1987) (per curiam) (quoting Nettles v. Wainwright, 677 F.2d 404, 410 n. 8 (5th Cir.1982) (en banc), overruled on other grounds by Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir.1996) (en banc)).  This Court finds Sapp's last objection general and non-specific and not worthy of consideration.  However, given her *pro se* status, the Court has nevertheless undertaken a *de novo* review of the magistrate judge's report and recommendations as to these claims and finds the analysis correct.  Therefore, this objection is overruled.

## II.  Order

For the foregoing reasons, Sapp's objections (Doc. No. 185) are **OVERRULED**, the report of the magistrate judge is **ADOPTED**, Sapp's "Amended Motion for Summary Judgment" (Doc. Nos. 64, 132) is denied, and USPS's "Motion for Summary Judgment" (Doc. No. 129) is granted.

So **ORDERED** and **SIGNED** this **7**   day of **September, 2012.**

_____
Ron Clark, United States District Judge